IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01634–RM–KMT

THE FOURTH CORNER CREDIT UNION, a Colorado state-chartered credit union,

    Plaintiff,

v.

NATIONAL CREDIT UNION ADMINISTRATION,

    Defendant.

---

# ORDER

---

This matter is before the court on "Plaintiff's Motion to Compel Defendant to Complete the Administrative Record, Provide a Privilege Log as to Withheld Documents, and Produce Withheld Documents to Court for in Camera Review to Determine if the Excluded Documents are Privileged" [Doc. No. 39] ("Motion") filed September 28, 2016.  A response was filed on October 19, 2016 [Doc. No. 47]; a Reply was filed on November 2, 2016 [Doc. No. 49] and a Sur-reply was filed on November 9, 2016.  [Doc. No. 53.]

In this record review case the corrected[1] Administrative Record was filed on October 18, 2016 [Doc. No. 46].[2]  The Motion addresses several issues concerning the completeness of the Administrative Record, most of which were resolved at the hearing November 16, 2016.  Remaining resolution by the court were "notes pertaining to the three telephone communications

---

[1] The original Administrative Record was filed on August 29, 2016 [Doc. No. 35-36].
[2] Index at [Doc. No. 45].

between NCUA and the Federal Reserve Bank in Kansas City ("FRB-KC"), including any emails, handwritten notes, logs, conversations, etc., . . . ." (Minutes, [Doc. No. 54].) Three documents, Notes of Robert Leonard regarding the February 4, 2015 telephone call with FRB_KC, Notes of Robert Leonard regarding the April 15, 2015 telephone call with FRB-KC, and the personal notes of Ruth Siragusa entitled "Chronology – Proposed The Fourth Corner Credit Union" ("Siragusa Notes") were submitted to the court for in camera review.  This court has completed its review of the submitted materials.

An Administrative Record should include "all materials compiled by the agency that were before the agency at the time the decision was made." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal citations omitted).  That entails including "all documents and materials directly or indirectly considered by the agency." *WildEarth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1253 (D. Colo. 2010).

At the November 16, 2016 hearing, this court found by clear evidence that notes reflecting what transpired during the non-privileged telephone conversations between NCUA personnel and personnel of the FRB-KC contained information which was before the decision maker at the NCUA prior to the agency decision now contested, and therefore should be included in the Administrative Record.  Left for resolution was whether all or part of the notes were subject to withholding on the basis of the deliberative process or attorney-client privilege. Notwithstanding its original objection that none of the notes should be part of the Administrative

Records, as noted *infra,* the defendant has produced the notes. This court has reviewed the notes, in both redacted and unredacted format[3]

The Defendant did not make any redactions on the notes of Robert Leonard taken with respect to the February 4, 2015 and the April 15, 2015 telephone calls.[4] The court therefore finds these documents should be included in the Administrative Record in full because they reflect non-privileged information conveyed in group conversations between NCUA and the FRB-KC, which was available to be taken into consideration by the decision maker at NCUA, either directly or indirectly.

The Siragusa Notes, however, contain numerous instances where Defendant seeks protection from production under the deliberative process privilege. Materials reflecting an agency's internal deliberations about the merits of matters before the agency are not properly part of an Administrative Record. *See San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n*, 789 F.2d 26, 44 (D.C. Cir. 1986) (*en banc*); *see also Checkosky v. SEC*, 23 F.3d 452, 489 (D.C. Cir. 1994) ( The court, in passing on final agency action, refused to consider transcripts of closed agency meetings or intra-agency memoranda and documents recording the deliberative process leading to the agency's decision.); *Oceana, Inc. v. Locke*, 634 F. Supp. 2d 49, 54 (D.D.C. 2009) ("[A]gencies need not place predecisional and deliberative material in the administrative record, so their absence from the record does not mean that the record is 'incomplete.'"), *rev'd on other grounds*, 670 F.3d 1238 (D.C. Cir. 2011). This court

---

[3] Both sets of notes are redacted to delete all entries which occurred post-NCUA decision rendered on July 2, 2016.

[4] Sequentially numbered 001212 and 001213.

distinguishes between collection and processing of evidence by the agency and deliberation by agency personnel concerning the evidence before it.

After reviewing the Siragusa notes, the court concurs with the redactions made based on deliberative process protection proposed by the defendant in all but one instance. The entry dated "1/6/2015" was redacted to eliminate information concerning forwarding of a message to a specific agency employee. The court finds, that since the information was forwarded to the agency decision-maker as identified by the defendant, it was clearly within the purview of material she reviewed. This Siragusa notation does not reflect the agency's internal deliberations other than in the most tangential way; to wit, the recipient's decision to share a message with someone in the agency. Ms. Siragusa makes no commentary concerning her thought processes about the message or why she thought it important to share the message with anyone else. The notes contain only the cryptic note that the message was forwarded to a specified person. Therefore, this redaction will not be allowed and the Administrative Record shall be corrected to add the Siragusa Notes as redacted in Doc. No. 55-5 with that one exception. A privilege log concerning the redactions shall be provided to the Plaintiff.

It is **ORDERED**

The "Plaintiff's Motion to Compel Defendant to Complete the Administrative Record, Provide a Privilege Log as to Withheld Documents, and Produce Withheld Documents to Court for in Camera Review to Determine if the Excluded Documents are Privileged" [Doc. No. 39] is **GRANTED IN PART** consistent with the Order of the court on November 16, 2016 and this Order. On or before December 8, 2016, the defendant shall produce the required materials to the


5

Plaintiff, with a privilege log, and shall cause the Administrative Record in this case to be completed consistent with the court's orders.

Dated December 6, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge